FILED
2026 Oct-05 AM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRY TATUM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01961-ACA-HNJ |
| | ) | |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

# MEMORANDUM OPINION

After Petitioner Terry Tatum filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, the magistrate judge entered a report recommending that the court dismiss the petition for lack of subject matter jurisdiction because (1) to the extent Mr. Tatum is challenging his 1985 convictions, he is no longer "in custody" for them; and (2) to the extent Mr. Tatum is challenging his 1990 convictions, he has not received authorization to file a second or successive § 2254 petition. (Doc. 8). Mr. Tatum objects. (Doc. 9).

The court **OVERRULES** Mr. Tatum's objections. Most of Mr. Tatum's objections are unrelated to the recommendations about the court's jurisdiction, so the court need not address them. (*See generally* doc. 9). However, he does object that he remains "in custody" for the 1985 convictions because the state court used those convictions to enhance his 1990 sentences. (*Id.* at 4). As the magistrate judge

stated in the report and recommendation, a prior conviction being used to enhance a later sentence does not satisfy the "in custody" requirement for the prior conviction. (Doc. 8 at 7–8); *see Maleng v. Cook*, 490 U.S. 488, 492–93 (1989) (explaining that when a fully expired sentence is used to enhance a second sentence, "it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody,'" and the petitioner is not considered to be "in custody" for the expired sentence). Even if Mr. Tatum were "in custody" for the 1985 convictions, the court would still lack subject matter jurisdiction over the § 2254 petition because he has already filed a § 2254 petition challenging those convictions and he has not received authorization from the Eleventh Circuit to file a second or successive petition. (*See* doc. 8 at 3) (describing Mr. Tatum's first two time-barred § 2254 petitions challenging the 1985 convictions); 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the court **ADOPTS** the report and **ACCEPTS** the recommendation. The court **WILL DISMISS** Mr. Tatum's § 2254 petition **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The court will enter a separate final order.

**DONE** and **ORDERED** this October 5, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE